IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MOISES ENOT VELASQUEZ MONTERROSA, on behalf of himself and all others similarly situated, | |
| *Plaintiff,* | Case No.: _____ |
| vs. | Collective and Class Action **COMPLAINT** |
| MI CASITA RESTAURANTS, a.k.a. MI CASITA RESTAURANTE MEXICANO; JM MACIAS, INC.; JFC LLC; MACIAS LLC; MACIAS ENTERPRISE LLC; MC MANAGEMENT LLC; MEXICAN FOODS EXPRESS, INC.; PIRAMIDE MEXICAN FOODS, INC.; VIA 216 NC LLC; JESUS MACIAS; and JUAN MACIAS, | |
| *Defendants.* | |

COMES NOW, Plaintiff Moises Enot Velasquez Monterrosa ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, and hereby sets forth this collective action for violation of the Fair Labor Standards Act under § 216(b), and a representative action under the North Carolina Wage and Hour Act pursuant to Fed. R. Civ. P. 23, and alleges as follows:

### PRELIMINARY STATEMENT

1. Named Plaintiff is a former employee of Defendants with over fifteen (15) locations in Fayetteville and Rockingham, North Carolina. Plaintiff, on behalf of himself and all

others similarly situated, brings this action against Mi Casita Restaurants a.k.a. Mi Casita Restaurante Mexicano; JM Macias, Inc.; JFC LLC; Macias LLC; Macias Enterprise LLC; MC Management LLC; Mexican Foods Express, Inc.; Piramide Mexican Foods, Inc.; VIA 216 NC LLC ("corporate Defendants"); and owners Jesus Macias and Juan Macias ("Macias Defendants"), collectively ("Defendants"), for unpaid overtime compensation, and related penalties and damages.

2. It is Defendants' systemic company-wide policy and practice to compensate employees on a salaried basis and willfully fail and refuse to properly pay all overtime compensation at time and one-half for all hours worked in excess of 40 in a week due and owing to Plaintiffs and all other similarly situated employees, in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3. Plaintiff also brings this action against Defendants for unpaid straight time, overtime compensation, and related penalties and damages for Defendants' practice and policy of willfully failing and refusing to properly pay all earned and accrued straight-time and overtime wages on employees' regular pay date in direct contravention of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq*.

4. Defendants' pay practices and policies are in direct violation of the FLSA and the NCWHA; therefore Plaintiff, on behalf of himself and all others similarly situated, seeks unpaid straight time compensation, overtime premiums for all overtime work required, suffered, or permitted by Defendants, liquidated damages and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

5. Defendants' compensation system was the subject of an FLSA collective action litigation in *Zelaya et al v. J.M. Macias, Inc., et al,* No. 5:96CV955-BR. Plaintiffs in that action

were members of a collective action that litigated the legality of Defendants' salaried compensation system.

6. While the challenged pay practice in this matter is nearly identical to the one in the previous action; in this matter, Defendants have compensated employees primarily with checks rather than in cash and, during a portion of the relevant time period when Defendants compensated employees on an hourly basis, Defendants did not count all of the employees' actual hours worked.

7. In the previous action, this Court ruled that Defendants' salaried compensation system for non-exempt employees "violated the FLSA by failing to pay a per-hour overtime premium." *See Zelaya*, CA. No: 5:96-CV-00955-BR, Dkt. No. 68 at 10.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 29 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

9. The United States District Court for the Eastern District of North Carolina has personal jurisdiction because Defendants conduct business in Cumberland County, North Carolina, which is located within this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conduct business in the Eastern District of North Carolina, and the cause of action set forth herein has arisen, in part, and occurred, in part, in the Eastern District of North Carolina.

11. The claims for the violations of the NCWHA are based upon the statutory law of the State of North Carolina.

12. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claim.

3

13. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

14. The evidence establishing liability for both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

## PARTIES

15. Plaintiff Velasquez Monterrosa resides at 622 Riverfront Ln., Trailer 622, Fayetteville, North Carolina 28314.

16. Plaintiff was employed by Defendants as a non-exempt "Line Cook No. 1" at Mi Casita restaurant in Lillington, North Carolina during the applicable time period.

17. The putative/potential class members are: All current and/or former employees of Defendants who were hourly or salaried employees whose primary duty was non-exempt work, and who were not compensated for all of their hours worked and/or time and one-half for hours worked above forty (40) per week ("Putative Plaintiffs").

18. Corporate Defendants are businesses registered with the Secretary of State and operating in the State of North Carolina.

19. Defendant JM Macias, Inc.'s physical address is 209 Tallywood Shopping Center, Fayetteville, NC 28303-5365.

20. Defendant Juan Macias is a resident of Fayetteville, NC. Upon information and belief, Defendant Juan Macias is the part-owner of the Mi Casita restaurant in Lillington, and is also the owner of at least ten sister restaurants located throughout North Carolina.

21. Defendant Jesús Macias is a resident of Fayetteville, NC. Upon information and belief, Defendant Jesús Macias is the part-owner of the Mi Casita restaurant in Lillington, and owns other restaurants located throughout North Carolina.

22. Upon information and belief, Defendants maintain uniform pay practices and policies at all of their other restaurants in North Carolina.

23. At all times material to this action, Defendants were the employers of Plaintiff, and thus are liable to Plaintiff, as an employer, joint employers, single employers, and/or otherwise according to statutory law.

## COVERAGE

24. At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and all those similarly situated.

25. At all times material to this action, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all times material to this action, Defendants were an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose as defined by Section 3(r) of 29 U.S.C. 203(r) of the FLSA.

27. At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

28. Defendants operate restaurants whose mission is to provide food and service to the public. Upon information and belief, there are a minimum of fifteen (15) restaurant locations throughout North Carolina, including Fayetteville, Raeford, and Lillington, NC.

29. Plaintiff Velasquez Monterrosa was employed by Defendants from approximately March 2011 through November 2013. During the relevant time period, from about July 2011 until the end of his employment, Plaintiff worked as a non-exempt Line Cook No. 1 at Defendants' 111 W. Cornelius Harnett Blvd., Lillington, NC location. From March 2011 through November 3, 2012, Plaintiff worked every day, including weekends, with only a half day off. After that date, until his dismissal, Plaintiff got a full day off each week.

30. As a Line Cook No. 1, Plaintiff Velasquez was responsible for preparing the food for the restaurant; maintaining lists of necessary food ingredients; and training new cooks. Plaintiff did not have any authority or discretion over the hiring and firing of other employees, nor could he effectively recommend the hiring, firing, advancement, promotion or other change of status of other employees.

31. Plaintiff's primary duties did not include management of the business or any subdivision thereof. He did not evaluate or discipline other employees, set their hours of work or rates of pay, or direct their work. While Plaintiff was responsible for setting up and preparing the food in the morning at the time of his arrival, and prior to opening the restaurant, he did not have the authority to discipline anyone for coming in late, leaving early, or for misbehavior while on the job. Further, Plaintiff did not direct the work of two or more full-time employees and always reported directly to Jesús Macias, who had supervising authority over everyone, including Plaintiff.

6

Case 5:14-cv-00448-BO   Document 1   Filed 08/08/14   Page 6 of 16

32. From approximately July 2011 until November 3, 2012, Plaintiff routinely worked from 9 a.m. to 11 p.m., with a two (2) hour break approximately three days per week, and a one (1) hour break approximately three days per week, and six hours on Sunday. During this time, Plaintiff worked approximately eighty-one (81) hours per week.

33. From November 3, 2012 until his termination in November 2013, Plaintiff worked from 9 a.m. to 11 p.m., with a two (2) hour break approximately three days per week, and a one (1) hour break approximately three days per week. During this time, Plaintiff worked approximately seventy-five (75) hours per week.

34. Defendants controlled Plaintiff's work schedule and rate of pay.

35. Plaintiff received a weekly salary of $550, paid bi-weekly. Defendants did not pay him straight time and overtime wages in the amount of the higher of one-and-one-half (1 ½) times Plaintiff's regular rate of pay or the minimum wage for hours worked over forty (40) in any workweek.

36. Defendants have violated the statutory rights of Plaintiff, and those similarly situated, under both the FLSA and the NCWHA which resulted in damages to Plaintiff in the form of unpaid straight-time wages and unpaid overtime wages on their regular payday, upon which they have incurred and are incurring costs, and reasonable attorney's fees.

37. Defendants have violated the statutory rights of Plaintiff and those similarly situated, under the FLSA and NCWHA which were willful, which entitles Plaintiff and those similarly situated to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and §§ 95-25.22(a)(1) and (d), for pre-judgment interest and an award of attorney's fees.

38. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay Plaintiff and those similarly situated straight time wages,

overtime compensation, and failing to pay Plaintiff and those similarly situated for all hours worked pursuant to the FLSA and the NCWHA. Defendants were aware Plaintiff was working more than forty (40) hours per week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and all of the following similarly situated employees: All current and/or former employees of Defendants who were hourly or salaried employees whose primary duties were non-exempt work, who were not compensated for all of their hours worked and/or time and one-half for hours worked above forty (40) per week ("Putative Plaintiffs").

40. Putative Plaintiffs are current and/or former employees of Defendants who have been subject to the same unlawful practices alleged herein, and therefore, are similarly situated to Plaintiff. The members of the Putative Plaintiff collective action, like Plaintiff, were employed as kitchen line cooks, hosts/hostesses, and food runners and were subject to the same or similar pay practices. These Putative Plaintiffs, like Plaintiff, were required to work more than forty (40) hours each workweek without being paid at the legally required overtime rate of time and one-half the higher of either federal minimum wage or their regular rate of pay pursuant to the NCWHA. Putative Plaintiffs and Plaintiff should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

41. Pursuant to 29 U.S.C. § 216(b), attached to and filed with the original Complaint as Exhibit 1, is a Consent to File Suit As Plaintiff executed by Plaintiff.

## NCWHA CLASS ACTION ALLEGATIONS

42. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff Velasquez and Putative Plaintiffs of this proposed class.

43. Pursuant to Rule 23(b) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff, brings his second claim for relief to redress and remedy Defendants' violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq*., on behalf of himself and all of the following similarly situated current and/or former employees of Defendants who have held salaried non-exempt positions working for Defendants who were not paid all wages owed to them and/or who worked more than forty (40) hours during any given workweek of their employment without receiving time and one-half for their hours worked over forty (40) in any given workweek.

44. The Plaintiff and members of the proposed class assert that Defendants violated the NCWHA by failing to pay their employees overtime wages of one and one-half times their regular rate of pay, which is part of the employees' accrued, earned, and promised wages and should have been paid when due on the employees' regular payday; this requirement is not covered by the overtime provisions of the FLSA.

45. <u>The Proposed Class</u>: Named Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from a list of Defendants' employees and any other payroll records.

46. <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class comprises at least one hundred (100) persons.

47. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all

9

members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

    a. Whether Defendants refused to pay Plaintiff and members of the proposed class overtime wages for all hours worked over forty (40) per week on their regular payday in violation of NCWHA § 95-25.6; and

    b. Whether Defendants' refusal to pay such compensation is in violation of the NCWHA.

48. <u>Typicality</u>: The claims of Plaintiff herein are typical of those claims which could be alleged by a Putative Class Member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendants, as alleged herein, of refusing to pay overtime wages on the regular payday of the class members. Defendants' compensation policies and practices affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

49. <u>Adequacy of Representation</u>: Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

50. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests though actions to which they were not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

51. <u>Public Policy Considerations</u>: Defendants violate the NCWHA. Like current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity that allows for vindication of their rights while eliminating or reducing these risks.

## COUNT ONE
**(Violations of the Fair Labor Standards Act)**

52. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

53. Plaintiff and those similarly situated are or were employed by Defendants on an hourly or salaried basis to perform restaurant labor and/or other duties that do not satisfy the tests for exempt positions under the FLSA.

54. Defendants have been through litigation on this very issue before and been found in violation of the FLSA. As such, Defendants have willfully failed to pay Plaintiff and those similarly situated at one and one-half times the federal minimum wage for all hours worked in excess of forty (40) hours per week, in violation of the FLSA.

55. As a result of Defendants' willful failure to pay Plaintiff and those similarly situated as required by law, Defendants owe Plaintiff, putative plaintiffs, and members of the proposed class overtime wages, as well as liquidated damages in an amount equal to the amount of unpaid wages.

56. Defendants have willfully engaged in such conduct in violation of the FLSA by engaging in a pattern or practice of permitting or requiring Plaintiff and those similarly situated, to work without compensation at the applicable overtime rate for all hours worked over forty (40) per week, even after being the subject of a previous litigation for the same or similar pay practice.

57. Plaintiff and those similarly situated each worked more than forty (40) hours in one or more workweeks within the applicable statutory period.

58. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. As set forth above, Plaintiff, and those similarly situated, have sustained losses in their compensation, a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of himself and all other current and/or former employees similarly situated, seeks damages in the amount of their respective unpaid overtime compensation and liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b) and such other legal and equitable relief as the Court deems just and proper.

60. Plaintiff, on behalf of himself and all current and/or former employees similarly situated, seeks recovery of his attorney's fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT TWO
### (Violations of the North Carolina Wage and Hour Act)

61. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

62. The class period for this cause of action is at least two years from the date of the filing of this Complaint.

63. It is unlawful under North Carolina law for an employer to "suffer or permit" an employee to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. § 95-25.6.

64. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6 Defendants were required to pay Plaintiff and members of the proposed class all wages, when due, for all hours of work at the federal minimum wage rate on their regular pay date.

65. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, Defendants were required to pay Plaintiff and members of the proposed class all wages, when due, for all overtime wages of one and one-half times the federal minimum wage rate which is a part of all the employees'

accrued and earned wages, and which should have been paid when due on the employees' regular payday; this requirement is not covered by the overtime provision under the FLSA.

66. Defendants intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and proposed class members in violation of the NCWHA.

67. The foregoing conduct, as alleged, constitutes willful violations of the NCWHA, N.C. Gen. Stat. § 95-25.6.

68. As set forth above, the NCWHA Plaintiff and members of the proposed class have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of himself and all those similarly situated, seeks damages in the amount of their unpaid earned compensation, liquidated damages, plus interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

69. Plaintiff, on behalf of himself and all those similarly situated, seeks recovery of his attorney's fees as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the NCWHA and designate the above Plaintiff as a representative on behalf of all those similarly situated of the NCWHA classes;

3. Award Plaintiff and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1) and pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Plaintiff and all those similarly situated pre- and post- judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a) and pursuant to the FLSA, 29 U.S.C. § 216(b);

5. Award Plaintiff and all those similarly situated attorney's fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d) and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6. Award Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this the 8th day of August, 2014.

/s/ Gilda Adriana Hernandez
Gilda A. Hernandez (NCSB No. 36812)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
315 S. Salem St., Suite 310
Apex, NC 27502
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

J. Derek Braziel,
Texas Bar No. 00793380
**LEE & BRAZIEL, LLP**
1801 N. Lamar St. Suite 325
Dallas, TX 75202
Phone: 214-749-1400
Fax: 214-749-1010

jdbraziel@l-b-law.com

**ATTORNEY FOR PLAINTIFFS**