IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-448-BO

| | | |
|---|---|---|
| MOISES ENOT VELASQUEZ-MONTERROSA, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| MI CASITA RESTAURANTS a/k/a MI CASITA RESTAURANTE MEXICANO; JM MACIAS, INC.; JFC LLC; MACIAS LLC; MACIAS ENTERPRISE LLC; MC MANAGEMENT LLC; MEXICAN FOODS EXPRESS, INC.; PIRAMIDE MEXICAN FOODS, INC.; VIA 216 NC LLC; JESUS MACIAS; and JUAN MACIAS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 31) by plaintiff Moises Enot Velasquez-Monterrosa ("plaintiff"), pursuant to Fed. R. Civ. P. 37(a), to compel further responses by the named defendants to various discovery requests in plaintiff's first set of interrogatories and first set of requests for production of documents. The motion has been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Public D.E. dated 8 Apr. 2015). For the reasons set forth below, the motion will be denied without prejudice.

## BACKGROUND

Plaintiff commenced this action on 8 August 2014. (*See* Compl. (D.E. 1)). He alleges that he served in a position known as "Line Cook No. 1" in a number of restaurants purportedly operated by the named defendants. (*Id.* ¶¶ 16, 28). Plaintiff alleges that he and similarly

situated employees, hourly or salaried employees with a primary duty of non-exempt work, were not compensated for all of their hours worked and/or given time and one-half for hours worked over 40 per week. (*Id.* ¶ 17). In other words, he alleges that he was denied straight-time and overtime wages for hours worked. (*Id.* ¶¶ 1, 3).

Plaintiff asserts two sets of claims: a collective action for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* (*id.* ¶¶ 52-60) and a class action under Fed. R. Civ. P. 23 for violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* (*id.* ¶¶ 61-69). He seeks unpaid back wages, unpaid benefits, liquidated damages, attorneys' fees, and other relief. (*Id.*, Prayer for Relief ¶¶ 3-5).

On 8 October 2014, the defendants other than Via 216 NC LLC timely answered the complaint, generally denying plaintiff's substantive allegations. (*See* Defs.' Ans. (D.E. 22)). There is no proof of service of process on Via 216 NC LLC, and it has not appeared. The named defendants other than Via 216 NC LLC are hereafter referred to collectively as "defendants."

The Scheduling Order, entered on 9 December 2014 and adopting with limited exceptions the parties' proposed Discovery Plan, provides for bifurcated discovery. (Sch. Ord. (D.E. 26) ¶ 1; Disc. Plan ¶ 2). During "Phase I Pre-Certification Discovery," discovery is focused on whether the case is appropriate for collective and/or class action treatment. (Disc. Plan ¶ 2 ("Discovery should be limited to the factual circumstances underlying a potential motion for class certification of Plaintiff's state law claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's federal claims under the [FLSA's] collective action provisions.")). "Phase II Merits Discovery"[1] commences upon the court's ruling on plaintiff's motion for collective action and class certification. (*Id.*).

---

[1] Phase II Merits Discovery is described as follows: "Upon the Court's ruling on Plaintiff's motion for collective action and class certification, the parties propose that they meet and confer, with or without the Court's presence, to

On 22 December 2014, plaintiff served on defendants his initial set of 12 interrogatories and an initial set of 15 requests for production of documents. (Interrs. (D.E. 32-1 at 2-16); Prod. Reqs. (D.E. 32-1 at 17-28)). On 5 February 2015, the court allowed over plaintiff's opposition defendants' motion (D.E. 28) for extension of time to respond to plaintiff's discovery requests. (*See* 5 Feb. 2015 Order (D.E. 30)). The Order included the directive that "[d]efendants shall respond to Interrogatory No. 3, which seeks contact information for potential class participants, as soon as practicable, even if their responses to the other discovery requests have not yet been completed."[2] (*Id.* at 1).

On 25 February 2015, defendants responded to plaintiff's discovery requests, including Interrogatory No. 3. (Resp. to Interrs. (D.E. 32-2 at 2-21); Resp. to Prod. Reqs. (D.E. 32-2 at 22-34)). Defendants asserted objections to each interrogatory, but with the exception of Interrogatory No. 3, also provided some responsive information. While asserting general objections to all the production requests, defendants generally agreed to produce documents as to plaintiff (Resp. to Prod. Reqs. Nos. 1-4, 6, 8, 10, 11) or stated that they did not have any responsive documents, in some instances beyond those already produced (Resp. to Prod. Reqs. Nos. 5, 7, 9, 12, 13, 14). Defendants asserted objections only in response to Production Request No. 15.

Plaintiff filed his motion to compel on 12 March 2015. Although the motion does not specify the discovery requests subject to it, the supporting memorandum identifies them as

---

reassess the parties' claims and defenses, the possibilities for resolution of the case, and to formulate a final discovery plan for merits discovery as provided in Rule 26(f). The parties agree that Phase II discovery should take place subsequent to this Court's ruling on any motions on class or collective action certification and the issuance of a trial plan ordered by the Court, as Phase II discovery would involve significant expert discovery relating to disputed time periods at issue." (Disc. Plan ¶ 2).

[2] As the plain language of this directive states, it simply required defendants to respond to Interrogatory No. 3; it did not require defendants to provide the information requested or determine that defendants had waived their right to object to the interrogatory. Plaintiff's suggestion to the contrary is in error. (*See* Pl.'s Mem. (D.E. 32) 2).

Interrogatories Nos. 3 to 11 and Production Requests Nos. 1 to 11. (Pl.'s Mem. 9). Plaintiff also seeks production of a privilege log for information and documents withheld on the basis of privilege and the award of expenses, including attorney's fees, incurred in filing this motion. (*Id.* at 3). Defendants filed their response in opposition on 30 March 2015.

## DISCUSSION

### I. APPLICABLE DISCOVERY STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sept. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Federal Civil Rule 37 provides for motions to compel responses to discovery requests. Fed. R. Civ. P. 37(a)(3)(B). In addition, Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

## II.   BASELESSNESS OF MOTION AS TO DEFENDANT VIA 216 NC LLC

Plaintiff's motion will be summarily denied as to named defendant Via 216 NC LLC. Not only, as indicated, is there no proof that Via 216 NC LLC has been served with process in this case, the certificates of service on plaintiff's interrogatories and production requests do not include Via 216 NC LLC. (*See* Interrs., Cert. of Serv. (D.E. 32-1 at 15); Prod. Reqs., Cert. of Serv. (D.E. 32-1 at 27)). Thus, aside from issues of personal jurisdiction, plaintiff seeks baselessly to compel responses to discovery requests from a named defendant he has not even served with the requests. The denial will be without prejudice in the event Via 216 NC LLC does eventually appear and circumstances warranting a motion like that here arise.

## III.   PLAINTIFF'S FAILURE TO ADEQUATELY CONFER

Plaintiff's motion contains the certification required by Federal Civil Rule 37 and Local Civil Rule 7.1(c) that he conferred in good faith to resolve the instant dispute prior to filing his

motion. (Mot. ¶ 5 ("Counsel for Plaintiff certifies that they have made a good faith effort to resolve the discovery dispute prior to the filing of this discovery motion.")). But correspondence between counsel shows that he did not adequately confer.

Specifically, by letter dated Friday, 6 March 2015, and emailed the same day, plaintiff's counsel requested that defense counsel supplement defendants' responses to Interrogatory No. 3 and apparently all the other discovery requests by 10 March 2015 and that if not forthcoming by that deadline, plaintiff would file a motion to compel. (6 Mar. 2015 Ltr. (D.E. 32-3) 3); Forwarding Email (D.E. 32-4 at 4)). Counsel provided case law supporting plaintiff's position on the discoverability of the information sought by Interrogatory No. 3. (6 Mar. 2015 Ltr. 3). Counsel also noted that production of compensation and employee information was contemplated by the parties in their discovery plan. (*Id.* at 3-4). Finally, counsel criticized defendants' boilerplate objections to "the majority of plaintiff's discovery requests," contending with the support of case citations that the objections fail to specify particular reasons and render it impossible for plaintiff to discern the nature of the objections asserted. (*Id.* at 4).

On the following Tuesday, 10 March 2015, plaintiff's counsel, not having heard from defense counsel (as she frankly should have by then), emailed him and stated that plaintiff would file a motion to compel if she did not hear from him by close of business the following day. (1st 10 Mar. 2015 Email from Pl.'s Atty. (D.E. 32-4 at 3-4)). Defense counsel responded a short time later on 10 March. (10 Mar. 2015 Email from Def.'s Atty. (D.E. 32-4 at 2-3)). In the email, counsel advised that he was working to meet a post-hearing briefing deadline of that Friday, 13 March, in a different case, but that as soon as he finished, he intended to review the 6 March 2015 letter and authority cited therein, and discuss it with his clients. (*Id.*). He stated that he

"would hope to be available to discuss" the letter on Friday or the following Monday, 16 March 2015. (*Id.*).

In an email response she sent later on Tuesday, 10 March 2015, plaintiff's counsel noted that her 6 March 2015 letter "primarily concerns contact information for the class," an issue that had been pending several months. (2d 10 Mar. 2015 Email from Pl.'s Atty. (D.E. 32-4 at 1)). Counsel concluded by stating:

> Having said that, taking a full week to consider an issue we are certain defendants will ultimately not agree to, is just additional delay, which seems to be defendants' preferred strategy. Given plaintiff's significant concerns regarding the current deadline schedule, we cannot wait any longer, as this can only prejudice plaintiffs and putative plaintiffs/class members' potential claims. We will file the motion to compel, and if defendants change their position regarding the objections and produce the putative class member contact information, we will, of course, promptly withdraw the motion.

(*Id.*).

Without receiving a further response from defense counsel, plaintiff filed his motion on Thursday, 12 March 2015. In the motion, he contends that defense counsel's failure to respond by the deadline given in counsel's first 10 March 2015 email allowed him to assume defendants stand on their objections. (Mot. ¶ 4).

The correspondence between counsel reveals that plaintiff's counsel failed to act on defense counsel's stated willingness to discuss with her the issues raised in her 6 March 2015 letter and follow-up emails. He offered a plausible reason for his inability to confer as promptly as plaintiff's counsel requested and sought a delay of only two or three workdays beyond the deadline set in her second 10 March 2015 email. Thus, defense counsel indicated his availability to confer within about one week after plaintiff's counsel's letter seeking consultation. The delay sought by defense counsel was manifestly reasonable and of the type generally accommodated as a matter of professional courtesy among the bar of this court. Plaintiff has made no showing that

waiting another day or two before filing his motion would have prejudiced him. The statement in the motion that defendants' noncompliance with plaintiff's dictated deadline to confer established that they stood by their objections was disingenuous.

In short, plaintiff's decision to proceed with the filing of the motion deprived the parties of a meaningful opportunity to resolve their dispute without court intervention. The entire motion is therefore subject to dismissal on this basis alone. *See Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

Plaintiff failed adequately to confer in an additional sense. Although plaintiff's counsel's 6 March 2015 letter arguably apprised defendants sufficiently of plaintiff's position regarding Interrogatory No. 3, it provides little insight into plaintiff's position regarding defendants' responses to the other discovery requests, beyond challenging the purportedly blanket nature of the objections asserted. Indeed, plaintiff does not even identify the specific discovery requests other than Interrogatory No. 3 as to which he would seek relief from the court.

Notwithstanding plaintiff's failure to confer as required, the court will exercise its discretion to consider the motion on the merits with respect to Interrogatory No. 3. It will deny without prejudice the portions of plaintiff's motion that address any issue other than Interrogatory No. 3. The denial is without prejudice to plaintiff's reasserting the motion after satisfaction of his obligation to confer under Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 7.1(c), E.D.N.C. While any such conferral may include emails or other written communications, it shall consist primarily of in-person or telephone communications among lead counsel. As part of their conferral, counsel shall discuss the extent to which redaction of personal identifiers of employees

from requested documents and their exclusion from requested information would satisfy objections by defendants.

## IV. ANALYSIS OF INTERROGATORY NO. 3

### A. Terms and Stated Purpose of Interrogatory No. 3

As noted, plaintiff seeks by Interrogatory No. 3 contact information for current and former employees of defendants. It reads:

> During the Relevant Time Period, identify all current and/or former employees and/or individuals who performed work in Defendants' restaurants, food production, food delivery, or food sales facilities who did not qualify for a tip credit under 29 U.S.C. 203(m). This includes, but is not limited to those individuals who were non-exempt, paid a salary and worked in Defendants' kitchen or "back of the restaurant" or "front of the restaurant" as bus boys, chip servers, etc. In so identifying these individuals, include the individual's full name, last known address, telephone number (including cell phone number) and e-mail address.

(Int. No. 3). Plaintiff contends that he needs this information to assist him in establishing that this case should be certified as a collective action under the FLSA and a class action under Rule 23.

### B. Legal Principles Applicable to Certification of Collective and Class Actions

#### 1. Collective Actions

Certification of an FLSA representative action is a two-step process. *Baker Roofing,* 2007 WL 4568972, at *6; *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). At the notice stage, early in a case, the court conditionally certifies the class based on the limited record before it and approves notice to putative class members of their right to opt in. *Id.* The final determination on certification is made later, typically after discovery, when the court has available to it substantially more information. *Id.*

Claims subject to certification under § 216(b) may appropriately be brought in the same lawsuit as claims subject to certification under Rule 23 where the essential facts and issues regarding each set of claims are alleged to likely be the same and proceedings are not likely to be rendered unduly burdensome by inclusion of both sets of claims. *See Romero v. Mountaire Farms,* 796 F.Supp.2d 700, 712 (E.D.N.C. 2011); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001). The standard for conditional certification is a lenient one whereby "a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). "Plaintiffs bear the burden of demonstrating a reasonable basis for their claim of class-wide discrimination . . . [and] plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citations omitted); *see also Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 570 n.10 (D. Md. 10 Apr. 2012) ("The crux of the 'similarly situated' analysis is not quantitative; rather, it focuses on whether plaintiffs have demonstrated by 'affidavits or other means' that a common policy, plan, or scheme to violate the FLSA exists." (quoting *Williams v. Long*, 585 F. Supp. 2d 679, 684–85 (D. Md. 2008)); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) ("[C]ase law imposes only a very limited burden on plaintiffs for purposes of proceeding as a collective action."). Conditional certification, as well as issuance of a notice, does not require the court to adjudicate plaintiffs' claims on the merits. *Gieseke v. First Horizon Home Loan Corp.*, No. Civ. A. 04-2511, 2006 WL 75290, at *4 (D. Kan. 10 Jan. 2006).[3]

---

[3] *See also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) ("The court need

Whether to permit discovery of contact information for putative class members prior to conditional certification of a case lies within the discretion of the district court. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169-70 (1989) (acknowledging the discretionary authority possessed by the district court to oversee discovery issues, including the issuance of a court-approved notice to potential plaintiffs). While such discovery has been permitted in some cases, it has been denied in others. *See*, *e.g.*, *Glatt v. Fox Searchlight Pictures Inc.,* No. 11 Civ. 6784(WHP), 2012 WL 2108220, at *2 (S.D.N.Y. 11 June 2012) ("'[T]he weight of authority in this district counsels in favor of allowing [disclosure of class contact information] in FLSA cases' prior to the conditional certification of a collective action." (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.,* No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *2 (S.D.N.Y. 14 June 2010)); *Tomassi v. City of Los Angeles*, No. CV 08 1851, 2008 WL 4722393, at *2–3 (C.D. Cal. 24 Oct. 2008) (ordering pre-certification disclosure of names and addresses); *Charles v. Nationwide Mut. Ins. Co., Inc.*, No. 09 CV 94(ARR), 2010 WL 7132173, at *7 (E.D.N.Y. 27 May 2010) (denying employee contact information in FLSA case pre-certification, noting that "such an extensive inquiry is unnecessary at this stage in the litigation," particularly in light of fairly lenient burden for certification); *Levine v. Gunther Motor Co. of Plantation, Inc.*, No. 10–61812–CIV, 2010 WL 5140590, at *3 (S.D. Fla. 9 Dec. 2010) (denying pre-certification contact information as premature and holding that "until such time as a collective action may be conditionally certified, the Court will not require Defendants to respond"); *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 557 (D. Minn. 2008) ("[T]his Court has previously recognized that a collective-action plaintiff is entitled to contact information for other

---

only reach a *preliminary* determination that potential plaintiffs are 'similarly situated.' Certainly the Plaintiff must still prove at trial that the positions at issue actually qualify as non-exempt under the FLSA. But that is not the inquiry to be answered in deciding this motion." (emphasis in original) (internal citations omitted))*; Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist.").

employees only if she can show that such information 'is discoverable *for some reason other than facilitating notice to potential plaintiffs*.'" (emphasis in original) (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991))).

### 2. Class Actions

In order to support a motion to certify a case as a class action under Rule 23, an action must meet the requirements of both Fed. R. Civ. P. 23(a) and (b). *Haywood v. Barnes*, 109 F.R.D. 568, 575 (E.D.N.C. 1986). The burden of proving satisfaction of these requirements rests with the parties seeking class certification, though the court has an independent obligation to confirm that the elements have been fulfilled. *EQT Prod. Co. v. Adair,* 764 F.3d 347, 358 (4th Cir. 2014) ("It is the plaintiffs' burden to demonstrate compliance with Rule 23, but the district court has an independent obligation to perform a 'rigorous analysis' to ensure that all of the prerequisites have been satisfied." (citing *Wal–Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2551 (2011)).

Rule 23(a) requires that a precisely defined class exist and that the proposed class representatives be members of the putative class. *Id.; Haywood*, 109 F.R.D. at 576; *see East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) ("[A] class representative must be a part of the class."). In addition, the four prerequisites expressly set out in Rule 23(a) must be satisfied. Fed. R. Civ. P. 23(a). They are that: (1) the class is so numerous that joinder of all members is impracticable ("numerosity requirement"); (2) there are questions of law or fact common to the class ("commonality requirement"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality requirement"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy-of-representation requirement"). Fed. R. Civ. P. 23(a); *Wal-Mart,* 131 S. Ct. at 2550

("The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—'effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)). Second, the case must fall within one of the three categories of cases outlined in Rule 23(b). Fed. R. Civ. P. 23(b).

Rule 23 is given "a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case 'best serve the ends of justice for the affected parties and . . . promote judicial efficiency.'" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (quoting *In re A.H. Robins*, 880 F.2d 709, 740 (4th Cir. 1989), *abrogated on other grounds by Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)). "Nonetheless, 'actual, not presumed, conformance' with Rule 23 is indispensable, and the district court must undertake a 'rigorous analysis' to ensure that all the Rule's requirements are satisfied." *Stay the Course West Virginia v. Tennant,* No. 1:12–cv–01658, 2013 WL 209479, at *1 (S.D.W. Va. 17 Jan. 2013) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982)). Courts have "wide discretion in deciding whether or not to certify a proposed class," and a decision to certify a class action "may be reversed only for abuse of discretion." *Central Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 185 (4th Cir. 1993) (citations and quotations omitted).

As with certification of collective actions, the district court retains discretion in permitting discovery of contact information for prospective class members. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 n.20 (1978) (noting that court retains discretion to determine appropriateness of production of contact information for Rule 23 class members dependent on particular circumstances in the case). Some cases have permitted such discovery

prior to certification and others have not. *See*, *e.g.*, *Drake v. Aerotek, Inc.,* No. 14–cv–216–bbc, 2014 WL 7408715, at *2 (W.D. Wis. 20 Dec. 2014) ("In order to show that this case meets the requirements for certification under Fed. R. Civ. P. 23, and particularly the requirements of typicality and commonality, plaintiff must contact individual class members."); *Charles*, 2010 WL 7132173, at *4 ("[C]ourts are very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage."); *Kernats vs. Comcast Corp.*, No. 09 C 3368, 2010 WL 8742753, at *3 (N.D. Ill. 14 Jan. 2010) (denying discovery in class action and stating that "[t]he full employee list will be necessary and relevant after class certification in order to allow for class notification, but Plaintiffs need not rely upon it at this stage in order to show that they are entitled to class certification"); *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. 23 May 2006) (denying production of contact information and noting that "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification").

    C.    **Untimeliness of Interrogatory No. 3**

Plaintiff contends that production of employees' identifying information is necessary for him to adequately pursue his contention that he, along with putative class members, were subject to a single, decision, policy, or plan. Purportedly underscoring his need for this information is the alleged boilerplate nature of defendants' objections to this interrogatory and defendants' having been the subject of a previous lawsuit based on similar alleged violations.

Defendants counter that plaintiff does not, in fact, need the contact information sought for his certification motion. They also dispute that their objections are boilerplate, pointing out that

14

Case 5:14-cv-00448-BO   Document 36   Filed 05/01/15   Page 14 of 16

they cite to case law bearing directly on the permissibility of the pre-certification discovery sought.

The court finds that defendants' objection to Interrogatory No. 3 challenging its timeliness is stated with sufficient specificity to be enforceable and that plaintiff has not demonstrated that he needs the information sought in Interrogatory No. 3 prior to determination of his certification motion. While he cites to case law in which pre-certification discovery of such information has been permitted, he makes no showing of need particularized to this case. Moreover, he focuses virtually exclusively on FLSA certification, essentially ignoring any needs relating specifically to Rule 23 certification. Plaintiff's burden of establishing that certification is appropriate is not an onerous one, as the prior discussion of the applicable case law indicates. In addition, defendants have produced information and documents sought in a number of other discovery requests, which will presumably aid plaintiff with his motion for certification. At the same time, production of the contact information sought in Interrogatory No. 3 presents the risk of recruitment of class members outside the bounds of court supervision and, at this point, unjustified intrusion on the employees' privacy.

Plaintiff's motion will therefore be denied with respect to Interrogatory No. 3. The denial is without prejudice in that the motion with respect to that interrogatory may be renewed, if necessary, after the ruling on his motion for certification.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel is DENIED without prejudice on the terms specified. Each party shall bear its own costs incurred on the motion, the court finding that circumstances would make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B).

SO ORDERED, this the 1st day of May 2015.

_____
James E. Gates
United States Magistrate Judge