# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED IN OPEN COURT
ON 2-9-99 JWC

U. S. DISTRICT COURT
EASTERN DISTRICT OF N. C.

| | |
|---|---|
| REYES HERNANDEZ-FLORES, EDUARDO BERNAL, VICTOR M. BERNAL, and CARLOS RUIZ-ZAPIEN, on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>J.M. MACIAS, INC. d/b/a MI CASITA RESTAURANTE MEXICANO, and JAY MORRIS,<br><br>Defendants. | Civil Action No.:<br>5-96-CV-955-BR(2) |

## FINAL JUDGMENT AND CONSENT ORDER

This is an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. Named plaintiffs Reyes Hernandez-Flores, Eduardo Bernal, Victor M. Bernal, and Carlos Ruiz-Zapien and statutory class members Santiago Aguirre and Jesus Moreno-Macias were restaurant workers who were employed in an enterprise engaged in interstate commerce for varying periods of time in 1993, 1994, 1995, or 1996 by the defendants at various Mi Casita Resaurante Mexicano restaurants locations in Fayetteville, Hope Mills, Laurinburg, and Rockingham, North Carolina.

Named as the defendants in the complaint are J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano ("Macias, Inc."), Juan M. Macias, the chief executive officer and owner of Macias, Inc., Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, and Gabriel Macias. During at least 1993, 1994, 1995, and 1996 to November 15,

1996, Macias, Inc. operated at least five or six Mexican restaurants in Fayetteville, Hope Mills, Laurinburg, and Rockingham, North Carolina.

The allegations of the complaint essentially allege that the defendants violated the rights of the plaintiffs and the statutory class the plaintiffs have been certified by this Court to represent to receive overtime wages required by the Fair Labor Standards Act during the time that the defendant employed one or more of the four named plaintiffs and two statutory class members in 1993, 1994, 1995, and 1996. In 1998, the Court entered an order allowing named plaintiffs Jarvin Omar Zelaya and Luis A. Bernal to voluntarily dismiss without prejudice their individual and class action claims that they had under the Fair Labor standards Act and the NC Wage and Hour Act that were related to this action. Messrs. Zelaya and Luis A. Bernal had continued to pursue those claims under the Fair Labor Standards Act and the NC Wage and Hour Act in a state court action pending in Cumberland County Superior Court in File Number 98 CVS 1437 which has been concluded as a part of a global settlement of all claims.

In resolution of both this action and the state court action pending in Cumberland County Superior Court without further litigation, and to limit the expense and time involved in proceeding to Judgment in both of these actions, the four named plaintiffs, the two members of the statutory class certified by the Court, and all named defendants have mutually stipulated to the entry of this Consent Order and Judgment, and the Court, therefore, upon consideration of the record herein and being fully advised of the premises,

ORDERS, ADJUDGES, and DECREES:

(1) The Court has jurisdiction over the parties and of the subject matter of this action. Plaintiffs, the statutory class members, and defendants have waived entry of the findings of fact

and conclusions of law under Rule 52 of the Federal Rules of civil Procedure.

(2) Under Rule 71, Fed.R.Civ.P., and by consent of the parties to this action, the terms of this Consent Order shall be subject to enforcement by any person(s) that would receive any benefit from a full and complete execution of its terms.

(3) No later than seven (7) calendar days after the date on which this order is filed, defendants J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, Gabriel Macias, jointly and severally, shall pay and are ordered to pay Twenty-one thousand dollars ($21,000.00) to Robert J. Willis, Attorney at Law, for distribution to the four named plaintiff f s, two statutory class members, and Jarvin Omar Zelaya, and Luis A. Bernal;

(4) In addition to the sum specified in paragraph (3) above, no later than forty-five (45) calendar days after the date on which this order is filed, defendants J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, Gabriel Macias, jointly and severally, shall pay and are ordered to pay an additional Ten thousand dollars ($10,000.00) to Robert J. Willis, Attorney at Law, for distribution to the four named plaintiffs, two statutory class members, and Jarvin Omar Zelaya, and Luis A. Bernal;

(5) In addition to the sums specified in paragraphs (3)-(4) above, no later than sixty (60) calendar days after the date on which this order is filed, defendants J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, Gabriel Macias, jointly and severally, shall pay and are ordered to pay an additional Ten thousand dollars ($10,000.00) to Robert J. Willis,

3

Attorney at Law, for distribution to the four named plaintiffs, two statutory class members, and Jarvin Omar Zelaya, and Luis A. Bernal;

(6) In addition to the sums specified in Paragraphs (3)-(5) above, no later than sixty (60) calendar days after the date on which the Court files any final order with respect to a motion or request for an award of costs and attorney fees by the named plaintiffs pursuant to 29 U.S.C. §216(b) and Rule 54(d), Fed.R.Civ.P., defendants J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, Gabriel Macias shall pay and are ordered to pay the amount of costs and attorney fees, if any, that may be awarded by the Court in favor of the plaintiffs pursuant to 29 U. S. C. § 216 (b) ;

(7) In addition to the sums specified in Paragraphs (3)-(6) above, no later than sixty (60) calendar days after the date on which this Order is filed, defendants J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, Gabriel Macias shall pay and are ordered to pay all mediator fees charged by mediator Bill Senter, P.O. Box 2505 Fayetteville, NC 28314, for the mediation services he provided to the parties in this action on and before January 22, 1999;

(8) Plaintiffs shall file a petition for attorney fees and costs within the time period required by Local Rule 28.00, EDNC, pursuant to 29 U.S.C. § 216 (b) and Rule 54 (d) , Fed. R. Civ. P., and the four named plaintiffs, two statutory class members, and Jarvin Omar Zelaya, Luis A. Bernal, and the named defendants agree and stipulate that the court has jurisdiction to award a reasonable attorney fee and the costs of both this action and the state court action filed by Jarvin Omar Zelaya and Luis A. Bernal in Cumberland County Superior Court in File Number 98 CVS

4

1437 pursuant to 29 U.S.C. §216(b) and Rule 54(d), Fed.R.Civ.P.;

(9) Defendants J.M. Macias, Inc. d/b/a Mi Casita Restaurante Mexicano, Juan M. Macias, Denise Macias, the wife of Juan M. Macias, Francisco Macias, Carlos Macias, Jesus Macias, and Gabriel Macias shall not file any petitions for bankruptcy of any kind at any time or date falling less than one hundred (100) days of the date that the last Payments required by this Court Order are actually made by one or more of those same defendants;

(10) Plaintiffs Jarvin Omar Zelaya and Luis A. Bernal. shall:

(A) file a joint stipulation of dismissal with prejudice of all claims for relief that they have alleged in the original complaint that they filed in Cumberland County Superior court in File Number 98 CVS 1437 for both their individual and the class action claims alleged in that action under the FLSA and the NCWHA; and

(B) consent through counsel to the entry of an order and judgment of dismissal with respect to all claims raised or which could have been raised in Cumberland county Superior Court in File number 98 CvS 1437.

This Consent Judgment resolves all matters between or among the parties raised or which could or should have been raised by the plaintiffs Complaint filed in the above mentioned actions; and, therefore, this decree operates as a final judgment with respect to the events, transactions or occurrences or series of events, transactions or occurrences giving rise to these claims or causes of action.

This the 8 day of February, 1999.

U.S. District Court Judge

5