IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-448-BO

| | | |
|---|---|---|
| MOISES ENOT VELASQUEZ-MONTERROSA, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **O R D E R** |
| MI CASITA RESTAURANTS, a.k.a. MI CASITA RESTAURANTE MEXICANO; JM MACIAS, INC.; JFC LLC; MACIAS LLC; MACIAS ENTERPRISE LLC; MC MANAGEMENT LLC; MEXICAN FOODS EXPRESS, INC.; PIRAMIDE MEXICAN FOODS, INC.; VIA 216 NC LLC; JESUS MACIAS; and JUAN MACIAS | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on plaintiff's motion to (1) require defendants to provide updated current employee contact information for those 17 putative class members who are currently employed by defendant and returned Spanish language opt-out forms; (2) permit plaintiff to contact those current employees to determine whether any of them were pressured or coerced into sending back Spanish opt-out forms to withdraw their participation from this action; (3) require defendants to confirm that the Court-authorized notice of this lawsuit was posted in all of their restaurant locations pursuant to the Court's April 27, 2016 Order; and (4) prohibit defendants from misrepresenting the status of this lawsuit to putative class members. [DE 76]. Defendants filed a response in opposition and moving to strike the affidavit of Silvia Nelson. [DE 80]. Both motions are fully briefed and ripe for adjudication. For the reasons stated below,

plaintiff's motion for miscellaneous relief is granted and defendants' motion to strike is dismissed.

BACKGROUND

Plaintiff brought suit for alleged violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). [DE 1]; 29 U.S.C. § 216(b); N.C.G.S. § 95-25.6. Plaintiff and putative plaintiffs/class members are former and current employees of Mi Casita Restaurants, a chain of sixteen Mexican restaurants in the greater Fayetteville, North Carolina, area. Defendant Juan Macias founded and owns Mi Casita. Juan Macias oversees the operations of the chain, and each restaurant has a manager to oversee day-to-day operations. Defendant Jesus Macias manages the Lillington and Angier, North Carolina, locations of Mi Casita. Mi Casita employees a wide range of non-managerial and non-tipped employees as well, including cooks, dishwashers, chip runners, drink runners, hosts and hostesses, and bussers.

Plaintiff moved for conditional certification under the FLSA as well as certification as a class action under Fed. R. Civ. P. 23. [DE 50]. On April 27, 2016, the Court granted plaintiff's motion to conditionally certify both the FLSA and NCWHA claims. [DE 65]. In addition, the Court approved plaintiff's proposed class notice (including Spanish and English language versions of the attached opt-in and opt-out forms); ordered defendants to provide contact information for all putative class members; and ordered defendants to post the court-approved notice in each of their restaurants.

The Court approved a 60 day opt-in/opt-out period for putative plaintiff and class members which expired on August 5, 2016. [DE 69]. On July 21, 2016, plaintiff filed the instant motion for miscellaneous relief. [DE 76]. Plaintiff stated that, within two weeks of sending Court approved notices to putative class members, he received 22 Spanish opt-out forms, 17 of which

2

are from current employees. *Id.* at 2. Plaintiff further avers that he has received threatening communications regarding the lawsuit and suspects that defendants have been "actively coercing and pressuring current employees to opt-out of the action." *Id.* at 3. Plaintiff also submitted a sworn affidavit from Silvia Nelson, a paralegal at class counsel's law firm, who stated that she received an anonymous phone call from one of defendants' current employees stating that no notices of the suit had been posted in any of defendant's restaurants and that one restaurant manager told the employee that this suit had been resolved. [DE 76-4]. Defendants opposed, arguing that plaintiff's motion was based on speculation and moving to strike of the affidavit of Silvia Nelson. [DE 80].

## DISCUSSION

*Motion for miscellaneous relief*

Plaintiff's motion for miscellaneous relief is granted. The FLSA was enacted to protect "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others." *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)). "[B]ecause the Act is remedial and humanitarian in purpose, it should be broadly interpreted and applied to effectuate its goals." *Id.* (internal citation and quotation marks omitted). Consequently, the Supreme Court, in upholding the mandate of Congress under the terms of a § 216(b) collective action, held that courts must exercise a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989).

Additionally, this present suit was certified as a class action, and the Court is obligated to exercise its equitable powers to manage this litigation. "Because of the potential for abuse [in

3

class actions], a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

Allegations of coercion, intimidation, or improper communications are very serious and require the Court, in its capacity as a neutral arbiter of this litigation, to pay careful attention and ensure that, upon sufficient evidence, necessary action is taken to rectify improper conduct. Here, the evidence presented is insufficient for the Court to make a finding of any such improper conduct by either party. Nonetheless, the Court notes plaintiff's concerns and finds that the requested for relief will place no undue burden on the defendants and will help ensure this Court that notice was effectuated efficiently and properly. Upon class certification, an attorney-client relationship was created between class counsel and class members. *See*, *e.g.*, *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1207 n.28 (11th Cir. 1985). Plaintiff's counsel, under this obligation to pursue the best interests of the class, shall be allowed to contact those class members who returned Spanish opt-out forms to ensure that such a decision was made freely and independently. The Court is also persuaded that further assurance of proper posting of notice at each of defendants' restaurants is merited under the circumstances.

Finally, the Court reserves the right, upon proper showing of misconduct, to take any necessary and proper corrective action. This includes, but is not limited to, reopening the notice period to ensure that class members receive actual notice and that any decision to opt-into the FLSA collective action or opt-out of the NCWHA class action be made by those individuals independently and free of undue pressure by either party. *See*, *e.g.*, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003), *as amended* (Nov. 14, 2003) (directing the district court to "reopen the FLSA opt-in period for a reasonable period of time to allow additional notice to

4

all eligible current and former employees"); *Robinson-Smith v. Gov't Employees Ins. Co.*, 424 F. Supp. 2d 117, 123 (D.D.C. 2006); *Impervious Paint Indus., Inc. v. Ashland Oil*, 508 F. Supp. 720, 722–23 (W.D. Ky. 1981). While such a showing of misconduct has not been presently made, the Court notes that the prerogative of the FLSA, combined with the Court's equitable powers to manage class actions, would allow the Court to enforce remedial measures should future circumstances merit such an action.

*Motion to strike*

Defendants' motion to strike the affidavit of Silvia Nelson under Rule 56 of the Federal Rules of Civil Procedure is denied. Rule 56(e) provides that affidavits supporting and opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify about the matters stated therein." Plaintiff's motion is not one supporting or opposing summary judgment and thus is unaffected by Rule 56. Additionally, according to Rule 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citation removed). The plain text of Rule 7(a), which defines "pleadings" under the Rules, does not include within its definition motions such as this. Plaintiff's motion for miscellaneous relief is not a "pleading" within the meaning of the Rules and a Rule 12(f) motion to strike is inapplicable. *See Dalenko v. Stephens*, 917 F. Supp. 2d 535, 541 (E.D.N.C. 2013).

5

## CONCLUSION

Based on the foregoing discussion, it is hereby ordered that:

1. Plaintiff's motion for miscellaneous relief [DE 76] is GRANTED, and defendants' motion to strike [DE 80] is DENIED.
2. Defendants shall provide, within 15 days of the filing of this order, updated current employee contact information for those 17 current employees who returned Spanish opt-out forms.
3. Plaintiff's counsel may briefly contact the 17 current employees who returned Spanish opt-out forms to determine if their decision was made freely and independently.
4. Defendants shall submit to the Court, within 30 days of the filing of this order, sworn affidavits from the managers of each of the store restaurant locations covered by the class confirming that the Court-authorized notice of this lawsuit was posted in each of those locations pursuant to the Court's April 27, 2016 order. [DE 65].
5. All parties are ordered to decline from misrepresenting the status of this lawsuit to putative class members.
6. Any Spanish language opt-in or opt-out forms returned to class counsel by putative class members are acceptable and shall be filed with the Court upon receipt.

SO ORDERED, this 24 day of September, 2016.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE