

5 W. Hargett Street, Suite 910
Raleigh, NC 27601
wbarrett@barrettlawoffices.com

PLEASE NOTE, THE FOLLOWING CONFIDENTIAL NOTICE DOES NOT REQUIRE ANY ACTION ON YOUR PART AND IS PROVIDED FOR INFORMATIONAL PURPOSES PURSUANT TO SECTION 1715(a) OF THE CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA"). 28 U.S.C. § 1715(a). SECTION 1715(f) OF THE CLASS ACTION FAIRNESS ACT OF 2005 STATES THAT "[N]OTHING IN THIS SECTION SHALL IMPOSE ANY OBLIGATIONS, DUTIES, OR RESPONSIBILITIES UPON, FEDERAL OR STATE OFFICIALS." 28 U.S.C. § 1715(f). AS A RESULT, THIS NOTICE DOES NOT REQUIRE YOU TO TAKE ANY AFFIRMATIVE ACTION INCLUDING ANY WRITTEN RESPONSE

August 16, 2017

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

The Honorable Jeff Sessions
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

The Honorable Steve Troxler
North Carolina Department of Agriculture & Consumer Services
1001 Mail Service Center
Raleigh, N.C. 27699-1001

The Honorable Josh Stein
Attorney General's Office
9001 Mail Service Center
Raleigh, NC 27699-9001

The Honorable Christopher M. Carr
Office of the Attorney General
40 Capital Square, SW
Atlanta, GA 30334

Re: Notice of Class Action Settlement Pursuant to Class Action Fairness Act of 2005; *Velasquez Monterrosa, et al. v. Mi Casita Restaurants, et al.*; Case No. 5:14-CV-448-BO; United States District Court, Eastern District of North Carolina

To Whom It May Concern:

This notice of proposed settlement is served on behalf of the Defendants in the above-cite case, Mi Casita Restaurants; JM Macias, Inc., JFC LLC, Macias LLC, Macias Enterprise LLC, MC Management LLC, Mexican Foods Express, Inc., Piramide Mexican Foods, Inc., Jesus Macias and Juan Macias ("Defendants" or "Mi Casita") pursuant to Section 1715(a) of the Class Action Fairness Act of 2005 ("CAFA").

On August 8, 2014, Moises Enot Velasquez Monterrosa filed a complaint in the U.S. District Court for the Eastern District of North Carolina, Case No. 5:14-CV-448-BO, raising

putative collective action claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and class action claims pursuant to Federal Rule of Civil Procedure 23 pursuant to the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.*

The Defendants operate Mi Casita, a restaurant chain with seventeen (17) locations throughout North Carolina, whose mission is to provide food and service to the public. Mi Casita employs non-tipped and non-managerial employees such as cooks, dishwashers, chip and drink runners, bussers, and hosts and hostesses. Plaintiff Moises Enot Velasquez worked as a Line Cook No. 1 in Defendants' Lillington, NC location. Plaintiff alleged on that he and all similarly situated individuals were not permitted to record all of their time worked, and were required to work in excess of forty (40) hours during at least one week from August 8, 2011, to the present, without proper compensation, including time and one half for such hours. On these grounds, Plaintiff sought to recover on his behalf, as well as on behalf of a class of similarly situated individuals who filed consents to participate in this action as party plaintiffs, and on behalf of a R.23 class of individuals consisting of non-tipped and non-managerial employees in North Carolina, for their unpaid wages, overtime pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.
Throughout the course of this litigation, the Parties exchanged court-authorized written discovery, documents, and data; conducted depositions of certain plaintiffs as well as the 30(b)(6) corporate designee, Defendant Juan Macias; and engaged in substantial motion practice.

On April 27, 2016, the Court granted Plaintiffs' motion for conditional certification. Pursuant to this Court's Scheduling Order, the parties were also required to engage in mediation within forty-five (45) days of the Court's ruling on any motion for conditional collective/class action certification. On May 10, 2016, the parties filed a joint motion for extension of time to hold mediation within thirty (30) days from the expiration of the opt-in deadline, and to provide the Court with the parties' Phase II discovery plan within fifteen (15) days thereafter, should the parties' mediation fail. On May 12, 2016, the Court granted the parties' motion for extension of time to hold mediation.

On September 26, 2016, the parties met and began the mediation process. The parties were unable to resolve the case during their September 26, 2016 mediation, but agreed to continue their efforts to mediate this case, with the assistance of the mediator, following Defendants' voluntary production of voluminous financial and payroll records.

Due to the breadth of Defendants' financial and payroll documents that Plaintiff reviewed as part of the mediation process, on October 11, 2016, the parties filed a Joint Notice regarding Continuation of Mediation and Alternative Request for Extension. On January 23, 2017, the parties filed another joint motion for extension of time to complete mediation given the extensive financial and payroll records Defendants provided. The parties explained that the review process and mediation efforts were still ongoing, and that the parties were cooperating in good faith, to determine if a settlement could be reached. On January 31, 2017, the Court granted the parties' motion.

On March 9, 2017, the parties reached an agreement in principle and filed a joint notice to advise the Court that the parties had reached an agreement to resolve named and opt-in Plaintiffs' and R.23 class members' claims, under the FLSA and pursuant to the NCWHA and Rule 23 of the Federal Rules of Civil Procedure. After further negotiations, on or about July 7, 2017, the parties agreed to and executed a Stipulation and Settlement Agreement.

This notice includes the following documents in accordance with the CAFA requirements:

1. A copy of the Civil Action Coversheet and Complaint, with and all exhibits (excluding service subpoenas), filed on August 8, 2014 (*Exh. 1*);

2. The April 27, 2016, Order Granting Plaintiffs' Motion for Conditional Certification as Collective Action and Issuance of Notice (*Exh. 2*);

3. Dismissal of Defendant Via 216, LLC (*Exh. 3*);

4. Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement; Approval of Settlement Administrator; and Approval of Plaintiff's Notice of Settlement. (*Exh. 4*);

5. Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement - The Parties' Stipulation and Settlement Agreement (Including Notices of Proposed Settlement and Final Fairness Hearing, List of FLSA Opt-In Plaintiffs and Claim Form, attached as Exhibits A-1 through A-3, respectively) (*Exh. 5*);

6. Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, Approval of Settlement Administrator, and Approval of Plaintiff's Notice of Settlement (*Exh. 6*);

7. Notice of Fairness Hearing scheduled for September 19, 2017 (*Exh. 7*);

8. The Names of the Settlement Class Members Who Reside in each State and the Estimated Proportionate Share of the Claims of such Members to the Entire Settlement (*Exh. 8*);

The final fairness hearing concerning the Parties' proposed settlement agreement is scheduled for September 19, 2017. Information regarding the proposed settlement has been sent to putative class members in the Settlement Notice and is also be available to them by contacting the Settlement Administrator, RG2 Claims Administration LLC.

If you have any questions pertaining to this action, please do not hesitate to contact me.

Very Truly Yours,

Joshua M. Krasner